UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALBERT HAMBRICK, #175484,

      Petitioner,

                                       Civil No: 08-CV-13252
                                       Honorable Anna Diggs Taylor
                                       Magistrate Judge Charles E. Binder

v.

KENNETH MCKEE,

      Respondent.
                                    /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD
CASE IN ABEYANCE, STAYING CASE WITH CONDITIONS,
AND ADMINISTRATIVELY CLOSING THE CASE**

      James Albert Hambrick, ("Petitioner"), presently confined at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws §750.316(1)(a); felony murder, Mich. Comp. Laws §750.316(1)(b); and armed robbery, Mich. Comp. Laws §750.529. Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise additional claims that are not included in the current petition.

      For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hambrick,* No. 266910 (Mich.Ct.App. March 15, 2007). On July 21, 2008, Petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the three grounds which have been exhausted with the Michigan Court of Appeals and the Michigan Supreme Court on his direct appeal.[1] Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Wayne County Circuit Court to present new claims in a post-conviction motion for relief from judgment, which have not yet been exhausted with the state courts.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000);

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on July 21, 2008, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

*See also Barnes v. Lafler,* No. 2007 WL 2646583, * 1 (E.D. Mich. September 35, 2007); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Petitioner states in his motion that the new claims he wishes to exhaust in the state courts were not presented as federal constitutional claims in state courts because his appellate attorney was ineffective. On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for a habeas petitioner's failure to exhaust in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).

This Court has previously held that the alleged ineffective assistance of appellate counsel constituted "good cause" for a habeas petitioner's failure to exhaust in the Michigan courts, so as to justify holding the petition in abeyance pending the exhaustion of additional claims in the state courts. See *Barnes v. Lafler,* No. 2007 WL 2646583, Slip. Op. at * 2 (Rosen, J.). Other judges in this district likewise have held that an appellate attorney's alleged ineffectiveness constitutes "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Taylor v. Prelesnik,* No. 2008 WL 3853300, * 3 (E.D. Mich. August 18, 2008)(Duggan, J.)*; Wright v. Trombley*, No. 2007 WL 4181316, *2-3 (E.D.Mich.November 27, 2007)(Edmunds,J.); *Lanton v. Lafler,* No. 2007 WL 2780552, * 2 (E.D. Mich. September 24, 2007)(Steeh, J.); *Hayes v. Prelesnik,* No. 2007 WL 1834749, * 1 (E.D. Mich. June 25, 2007)(Ludington, J.); *Szymanski v. Renico*, No. 2007 WL 1760878, * 2 (E.D. Mich. June 15, 2007)(Lawson, J.); *Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006)(Cohn, J.)*; Boyd v. Jones,* 2005 WL

2656639, * 4 (E.D. Mich. October 14, 2005)(Roberts, J.). In addition, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner engaged in "intentionally dilatory tactics."*Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).

A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is, in fact, required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 2], and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal. To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

DATED:  March 31, 2009  
  s/ Anna Diggs Taylor  
ANNA DIGGS TAYLOR  
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 31, 2009.

James Hambrick, #175484  
Bellamy Creek Correctional Facility  
1727 West Bluewater Highway  
Ionia, MI 48846  
  s/Johnetta M. Curry-Williams  
  Case Manager